UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NEHRU GUMBS,

                Petitioner,

–against–                                **MEMORANDUM AND ORDER**

PHILIP D. HEATH,                          10-CV-848 (SLT)

                Respondent.
------------------------------------------------------------x

**TOWNES, United States District Judge:**

In a memorandum and order dated March 29, 2013 (the "Prior M&O"), this Court denied a petition for a writ of habeas corpus filed by a New York State inmate, petitioner Nehru Gumbs ("Petitioner"). *See Gumbs v. Heath*, No. 10-CV-848 (SLT), 2013 WL 1345073 (E.D.N.Y. Mar. 29, 2013). In a document entitled "Reply Affirmation in Support of Petition," originally filed in September 2013 and re-filed in a slightly modified form in November 2014, Petitioner now moves for reconsideration of the Prior M&O pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, that motion is denied.

## *BACKGROUND*

In February 2010, Petitioner commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction on charges of manslaughter in the first degree and criminal possession of a weapon in the second degree. That petition raised two grounds for habeas corpus relief: (1) that the evidence was legally insufficient to establish Petitioner's guilt of these two offenses beyond a reasonable doubt and (2) that Petitioner's sentence—concurrent, determinate terms of 25 years' imprisonment on the manslaughter count and 15 years' imprisonment for the weapon offense—was unduly harsh and excessive. Both of those arguments had been raised on direct appeal.

In late March 2012, Petitioner supplemented his six-page, form petition by filing an affidavit and memorandum of law. In early May 2012, Petitioner filed revised versions of those two submissions. However, those supplemental submissions merely amplified the arguments raised in the petition, adding facts and arguments from Petitioner's appellate briefs. They did not add any new grounds for relief.

In a memorandum and order dated March 29, 2013, the Court denied Petitioner's application for a writ of habeas corpus and dismissed his petition. Because Petitioner had not "made a substantial showing of the denial of a constitutional right," the Court declined to issue a certificate of appealability. Petitioner did not appeal.

In October 2013—more than six months after this case was closed—Petitioner filed a document entitled, "Reply Affirmation in Support of Petition," dated September 23, 2013. In early November 2014, Petitioner mailed the Court a slightly modified copy of this same document, re-dated November 3, 2014. The latter submission was accompanied by a letter clarifying that the "Reply Affirmation" was intended to be a "Motion for Reconsideration." *See* Letter to Hon. S. Townes from Nehru Gumbs, dated Nov. 3, 2014, p. 1.

Although Petitioner's Reply Affirmation cites to *Jackson v. Virginia*, 443 U.S. 307 (1979), for the proposition that every element of an offense must be proved beyond a reasonable doubt in order for a defendant to be found guilty of that offense, the Reply Affirmation does not raise a sufficiency argument. Rather, relying on Article 1, section 6, of the New York State Constitution, Petitioner argues that the trial court violated his due process right to adequate notice of the charges against him by charging the jury on manslaughter in the first degree. Petitioner notes that he was indicted on two charges of murder in the second degree—not on the

2

manslaughter charge—and asserts that his "conviction upon a charge not made or ... upon a charge not tried constitutes a denial of due process." Reply Affirmation in Support of Petition, p. 1.

## *DISCUSSION*

The determination of whether to "grant or deny a motion for reconsideration lies squarely within the discretion of the district court." *Murphy v. First Reliance Std. Life Ins. Co.*, No. 08-CV-3603 (DRH)(WDW), 2010 WL 2243356, at *3 (E.D.N.Y. June 1, 2010). However, a motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked ... that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see* Local Civ. R. 6.3.

A motion for reconsideration is not a vehicle for a "moving party seek[ing] solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257 (alterations added); *see also Nussbaum v. Spider, Inc.*, No. 09-CV-2025 (JS)(ETB), 2009 WL 3756668, at *1 (E.D.N.Y. Oct. 30, 2009) (citing *United States v. Gross*, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.")). Moreover, "[a] party may not use a motion for reconsideration to advance new issues or theories of relief that were not previously presented to the court." *Mahadeo v. New York City Campaign Finance Bd.*, 514 Fed. Appx. 53, 55 (2d Cir. 2013)

(summary order) (citing *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)).

Petitioner's Reply Affirmation raises an issue which was not raised in the petition or in Petitioner's supplemental submissions. The petition raised only legal insufficiency and sentencing claims. It did not raise, or even suggest, the claim that the People changed the theory of prosecution by requesting a charge on the lesser-included offense of manslaughter in the first degree and that Petitioner was not given adequate notice of that charge. Since this claim was not included in the original petition, it cannot be raised upon a motion for reconsideration. *See Mahadeo*, 514 Fed. Appx. at 55. Moreover, because the Court has already denied Petitioner's initial petition for a writ of habeas corpus, this Court lacks jurisdiction to consider a second or successive petition. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007).

If Petitioner wishes to raise this issue at this juncture, and has fully exhausted the issue in the New York State courts, he may move in the United States Court of Appeals for the Second Circuit for an order authorizing the Court to consider a second or successive petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(b)(3). However, before making any such motion, Petitioner may wish to examine section 300.50(1) of the New York Criminal Procedure Law, which affords trial courts discretion to submit lesser included offenses to a jury "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater."

## CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure—which motion is contained in two nearly identical documents entitled, "Reply Affirmation in Support of Petition"—is denied.

**SO ORDERED.**

/s/ Sandra L. Townes

SANDRA L. TOWNES
United States District Judge

Dated: November 12, 2014
Brooklyn, New York